■ The People of the State of New York, Respondent, v Michael Johnson, Appellant. — Appeal by the defendant from a judgment of the Supreme Court, Queens County, rendered September 20, 1976, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The defendant and his codefendant, Gary Brooks, were indicted on charges stemming from a robbery and homicide which took place in the St. Johns University bookstore on May 30, 1975. At their joint trial, the confessions of both defendants to law enforcement officials, each implicating the other, were admitted into evidence, and both defendants were convicted of felony murder and robbery in the first degree. On an earlier appeal, we reversed the conviction of codefendant Brooks, holding that the confession had been obtained in violation of Brooks' right to counsel, and should therefore have been suppressed *(People v Brooks,* 69 AD2d 884). In view of our disposition of the *Brooks* appeal, we conclude that the reversal of this defendant's conviction is warranted as well. In reaching this conclusion, we note that the jury was never advised, despite the defendant's timely request, that Brooks' confession could not be considered as evidence against him. Brooks' statement was, of course, inadmissible hearsay as to the defendant, and the jury should have been so advised in a clear, limiting instruction (cf. *Parker v Randolph,* 442 US 62; *People v Safian,* 46 NY2d 181). In the absence of such an instruction, the defendant may well have been prejudiced by the admission of the Brooks confession. Reversal is therefore required, both on the law and in the interest of justice (see *People v Burd,* 22 NY2d 653; *People v Cender,* 18 NY2d 610). Mangano, J.P., Rabin, Gulotta and Weinstein, JJ., concur.